IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| HOWARD FISH, JR. | * | |
| | * | |
| v. | * | Civil No. CCB-17-1438 |
| | * | |
| MAYOR AND CITY COUNCIL OF | * | |
| BALTIMORE, BALTIMORE CITY POLICE | * | |
| DEPARTMENT, OFFICER KEVIN TOADE, | * | |
| OFFICER ALLEN, HYATT HOTELS | * | |
| CORPORATION OF MARYLAND, | * | |
| DAVE PECKOO, BISTRO 300 LOUNGE, and | * | |
| DAVE PECKOO SECURITY COMPANY | * | |
| | * | |

\*\*\*\*\*\*\*\*

**MEMORANDUM**

Plaintiff Howard Fish, Jr. ("Fish") brings this lawsuit against defendants Mayor and City Council of Baltimore ("Baltimore City"), Baltimore City Police Department ("BPD"), Officer Kevin Toade ("Toade"), Officer Allen ("Allen"), Hyatt Hotels Corporation of Maryland ("Hyatt"), Dave Peckoo ("Peckoo"), Bistro 300 Lounge, and Dave Peckoo Security Company seeking damages for alleged violations of state and federal law related to his June 2014 arrest. Now pending are defendant Baltimore City's motion to dismiss (ECF No. 9), defendant BPD's motion to dismiss (ECF No. 10), defendants Hyatt's and Peckoo's motion to dismiss (ECF No. 11), and plaintiff Fish's motion for leave to amend the complaint (ECF No. 28). For the reasons set forth below, Baltimore City's and BPD's motions to dismiss will be granted. Hyatt's and Peckoo's motion to dismiss will be granted in part and denied in part. Fish's motion for leave to amend the complaint will be granted in part and denied in part.

1

# BACKGROUND

This dispute concerns alleged injuries Fish sustained during his arrest on June 7, 2014.[1] (ECF No. 7, ¶¶ 30-50). Late in the evening on that date, Fish dined at defendant Bistro 300 Lounge, a restaurant located inside the Hyatt Regency Inner Harbor Hotel, with his friend, Mr. Spencer Corbett ("Corbett") and two female friends.[2] (ECF No. 7, ¶¶ 30-33). While Fish and his companions were eating dinner, a stranger approached them and informed them they "need[ed] to hurry up and eat" because the restaurant would be closing soon. (ECF No. 7, ¶ 33). Immediately after this stranger approached, defendant Peckoo "rushed to the table" and insisted Fish and his companions leave Bistro 300 immediately. (ECF No. 7, ¶ 34). This encounter turned violent when Peckoo rushed Fish and pushed him before leaving the table. (ECF No. 7, ¶ 37). Fish and his companions remained at the restaurant "discussing their legal options" after their first encounter with Peckoo. (ECF No. 7, ¶ 39).

After the initial altercation, defendants Officers Toade and Allen of the defendant BPD arrived on the scene accompanied by Peckoo. (ECF No. 7, ¶ 40). The officers allegedly approached Fish and asked Fish to come to them. (ECF No. 7, ¶ 42). As Fish complied, Toade, Allen, and another security officer "attacked [Fish], punched him in the face…violently tackling him to the ground causing serious bodily injury to [his] face, shoulder, knee and back." (ECF No. 7, ¶¶ 42-43). The officers then arrested Fish and Corbett for second degree assault of Peckoo. (ECF No. 7, ¶ 46). At the precinct, a paramedic checked Fish's head wound, but the police did not transport Fish to a hospital for further treatment. (ECF No. 7, ¶ 49). Fish was released from police custody and subsequently went to a hospital where he was treated for

---

[1] Because this case is at the motion to dismiss stage, the facts are as stated in Fish's complaint.
[2] Defendant Hyatt operated the hotel, doing business as Hyatt Regency Baltimore Inner Harbor. (ECF No. 7, ¶ 26).

"multiple severe injuries." (ECF No. 7, ¶ 50). The charges against Fish and Corbett were ultimately dismissed. (ECF No. 7, ¶ 51).

Fish filed a complaint in the District of Maryland on May 24, 2017. (ECF No. 1). On June 25, 2017, Fish filed an amended complaint, alleging nine counts: (I) Assault and Battery against Peckoo; (II) Battery against Allen, Toade, and Peckoo; (III) Violation of Maryland Declaration of Rights, Articles 24 and 26 against Baltimore City, BPD, Toade, and Allen; (IV) False Arrest against Toade and Allen; (V) Malicious Prosecution against Toade and Allen; (VI) Intentional Infliction of Emotional Distress against Toade, Allen, and Peckoo; (VII) Negligence against Toade and Allen; (VIII) Negligence against BPD; and (IX) Violation of Civil Rights under 42 U.S.C. § 1983 against Toade and Allen. Four motions are currently pending. Three motions to dismiss by Baltimore City, BPD, and Hyatt and Peckoo respectively were filed on August 18, 2017. (ECF No. 9, 10, 11). Fourth is Fish's motion for leave to amend the complaint, filed on September 22, 2017. (ECF No. 28).

**STANDARD**

When ruling on a motion to dismiss, a court must accept "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). However, courts should not afford the same deference to legal conclusions. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). To survive a motion to dismiss, a complaint, relying on only well-pled factual allegations, must state a "plausible claim for relief." *Id.* at 678. The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). To determine whether a complaint has crossed "the line from conceivable to

3

plausible," a court must employ a "context-specific inquiry," drawing on the court's "experience and common sense." *Iqbal*, 556 U.S. at 680.

Federal Rule of Civil Procedure 15(a) permits a party to amend its pleadings once as a matter of course. After this, a party "may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The rule sets forth a liberal standard for amendment, specifying that a court "should freely give leave when justice so requires." *Id.* The Fourth Circuit has interpreted this rule to permit denial of leave to amend only where the amendment "would be prejudicial to the opposing party," the moving party has acted in "bad faith," or amendment of the pleading would be "futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (internal quotation marks and citation omitted).

## ANALYSIS

Plaintiff asserts nine claims against defendants as listed above. In response, defendants have filed three motions to dismiss: (1) by Baltimore City, (2) by BPD, and (3) by Hyatt and Peckoo. Each motion is addressed in turn.

### I. Baltimore City's Motion to Dismiss

Fish's complaint alleges one count against Baltimore City based on *respondeat superior* liability for the actions of BPD officers or employees: Violation of Articles 24 and 26 of the Maryland Declaration of Rights (Count III). (ECF No. 7, ¶ 62). Fish also alleges a § 1983 claim (Count IX), but as a result of a technical error, failed to bring it against Baltimore City. In response, Baltimore City argues it cannot be held liable for BPD's actions or inactions because BPD officers or employees are neither agents nor employees of Baltimore City. I agree with Baltimore City and will dismiss the complaint against it with prejudice.

Fish cannot bring state law claims or § 1983 claims against the City based on the actions of BPD officers or employees. To impose *respondeat superior* liability, the defendant must have an agency or employment relationship with the alleged wrongdoer. *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 392 (1982). Under Maryland law, BPD is not an agency of the City; it is an agency of the state. PUB. LOCAL LAWS OF MD., Art. 4, § 16-2 (a) (2014) ("The Police Department of Baltimore City is hereby constituted and established as an agency and instrumentality of the State of Maryland."); *Mayor & City Council of Balt. v. Clark*, 404 Md. 13, 26-27 (2008). As a result, "the City does not employ Baltimore police officers and is not liable for their conduct under state law." *Anderson v. Strohman*, 6 F. Supp. 3d 639, 644 (D. Md. 2014). Thus, Fish's state law claim against the City must be dismissed with prejudice.

Fish's potential § 1983 claim also fails. Under § 1983, individuals may sue a person who violates his or her constitutional rights while acting under the color of law. 42 U.S.C. § 1983 (2012). Plaintiffs may sue local governments under § 1983 if the constitutional violations occurred while executing a local government policy or custom. *Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). This court repeatedly has found the City is not responsible for officer conduct under § 1983 because BPD officers are not employees of the City as a matter of law. *See e.g. Anderson*, 6 F. Supp. 3d at 646 (dismissing § 1983 claims brought against the City based on BPD officer actions because officers are not City employees); *Bradley v. Balt. Police Dep't*, 887 F. Supp. 2d 642, 647-48 (D. Md. 2012) (dismissing plaintiff's § 1983 claims against the City because the City does not exercise sufficient control over BPD to be liable for its actions). Thus, a § 1983 claim may not be brought against the City and "municipal liability under *Monell* cannot attach to the City" for the unconstitutional actions of BPD officers. *Anderson*, 6 F. Supp. 3d at 646. Allowing the plaintiff to amend his complaint to assert a § 1983

claim against the City would be futile. Therefore, the court will dismiss all claims against the

City with prejudice and without leave to amend.

**II.     BPD's Motion to Dismiss**

Fish's complaint alleges state law claims against BPD. (ECF No. 7). Fish also alleges a

§ 1983 claim (Count IX), but as a result of a technical error, failed to bring it against BPD. (ECF

No. 7). In response, BPD contends it enjoys sovereign immunity. I agree with BPD as to the

state law claims and will dismiss those with prejudice. BPD, however, is not entitled to Eleventh

Amendment immunity for purposes of a potential § 1983 claim.

"Under the doctrine of sovereign immunity, neither a contract nor a tort action may be

maintained against the State unless specific legislative consent has been given and funds (or the

means to raise them) are available to satisfy the judgment." *Balt. Police Dept. v. Cherkes*, 140

Md. App. 282, 305 (2001) (quoting *Catterton v. Coale*, 84 Md. App. 337, 345-46 (1990)). This

doctrine protects the state from liability for both ordinary and constitutional torts. *Id.* at 306. As

discussed above, BPD is a state agency. *Id.* at 303. For the purposes of immunity, state agencies

are normally treated as if they were the State of Maryland and thus enjoy the same immunity as

the State. *Id.* at 306 (citations omitted). The state law claims against BPD will, therefore, be

dismissed with prejudice on sovereign immunity grounds.[3]

By contrast, Fish's potential § 1983 claim may be viable. Although a state agency is not

a "person" as the term is used in 42 U.S.C. § 1983, previous cases have concluded BPD is too

connected with the government of Baltimore City to assert Eleventh Amendment immunity. *See

e.g. Chin v. City of Balt.*, 241 F. Supp. 2d 546, 548 (D. Md. 2003); *Blades v. Woods*, 107 Md.

---

[3] This decision, of course, does not absolve BPD of its responsibility to defend and indemnify the individual officers. *See Cherkes*, 140 Md. App. at 323 ("[T]he General Assembly waived the BCPD's common law State sovereign immunity only to the extent of the statutory duties to defend and indemnify. Otherwise, the BCPD's State sovereign immunity remained intact.").

App. 178, 182 (1995). Thus, the court determines BPD is not entitled to Eleventh Amendment immunity and, as a result, is a "person" subject to suit under § 1983. As discussed above, liability under § 1983 attaches "only where the municipality itself causes the constitutional violation at issue." *City of Canton v. Harris*, 489 U.S. 378, 385 (1989). Under *Monell*, municipalities can be liable under § 1983 "based on the unconstitutional actions of individual defendants, but only if those defendants were executing an official policy or custom of the local government that resulted in a violation of the plaintiff's rights." *Jones v. Chapman*, No. ELH-14-2627, 2015 WL 4509871, at *12 (D. Md. July 24, 2015) (citing *Monell*, 436 U.S. at 690-91).[4] Fish's complaint alleges the violation of his rights resulted from BPD's systemic deficiencies in policies, training, supervision, and accountability. (ECF No. 7, ¶ 15). The facts alleged in the complaint appear sufficient to allow a potential § 1983 claim to proceed against BPD.[5] *Jones*, 2015 WL 4509871, at *17.

### III. Hyatt's and Peckoo's Motion to Dismiss

Defendants Hyatt's and Peckoo's motion to dismiss addresses Fish's assault claim (Count I) and his intentional infliction of emotional distress claim ("IIED") (Count VI). Hyatt and Peckoo contend Fish's assault claim is time-barred. They also argue Fish's IIED claim should be dismissed because Fish fails to provide a sufficient factual basis to support the claim.

Under Maryland law, the statute of limitations for filing a civil assault claim is one year from the date of the incident. MD. CODE ANN., CTS. & JUD. PROC. § 5-105. The incident at issue took place in 2014, and Fish filed this action nearly three years later. Fish therefore failed to

---

[4] Unpublished opinions are cited not as precedent but for the persuasiveness of their reasoning.
[5] Any such *Monell* claim possibly may be bifurcated from the other claims for purposes of discovery.

comply with the applicable statute of limitations. Thus, his claim for assault will be dismissed with prejudice.[6]

The tort of IIED requires four elements: (1) intentional or reckless conduct; (2) extreme and outrageous conduct; (3) a causal connection between the wrongful conduct and the emotional distress; and (4) severe emotional distress. *Harris v. Jones*, 281 Md. 560, 566 (1977). This tort is "rarely viable" and should be "used sparingly and only for opprobrious behavior that includes truly outrageous conduct." *Bagwell v. Peninsula Reg'l Med. Ctr.*, 106 Md. App. 470, 514 (1995) (quoting *Kentucky Fried Chicken Nat'l Mgmt. v. Weathersby*, 326 Md. 663, 670 (1992)). In light of this high standard, Fish's claim for IIED is not strong. Because the case will proceed through discovery in any event, however, I will deny the motion to dismiss without prejudice to a motion for summary judgment that may be filed at a later date.

**IV.    Fish's Motion for Leave to Amend the Complaint**

In light of the liberal amendment of pleadings standard, Fish's motion to amend his complaint will be granted in part and denied in part. Fish will be granted leave to file an amended complaint, subject to the following instructions:

1. The amended complaint may not include a claim against the Mayor and City Council of Baltimore, as any such claim would be futile;

2. the amended complaint may not include any state law claim against the Baltimore City Police Department, as any such claim would be futile; and

3. the amended complaint may not include a claim for assault, which is time-barred.

---

[6] Fish appears to concede that the assault claim, as compared to the battery claim, is time-barred.

8

## CONCLUSION

For the aforementioned reasons, defendant Baltimore City's motion to dismiss (ECF No. 9) will be granted with prejudice and without leave to amend. Defendant BPD's motion to dismiss (ECF No. 10) will be granted with prejudice as to all state law claims but with leave to amend to state a § 1983 claim. Defendant Hyatt's and Peckoo's motion to dismiss (ECF No. 11) will be granted as to the assault claim and denied as to the IIED claim. Plaintiff's motion for leave to file an amended complaint (ECF No. 28) will be granted in part and denied in part, subject to the above-mentioned restrictions. A separate order follows.

| | |
|---|---|
| _ 1/10/18_____ | _____/S/_____ |
| Date | Catherine C. Blake |
| | United States District Judge |